IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thadieus Goods, individually and for a class | ) ) ) | |
| *Plaintiff,* | ) ) | |
| *-vs-* | ) ) | No. 23-cv- |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) | *jury demand* |
| *Defendants.* | ) ) | |

## COMPLAINT

Plaintiff Thadieus Goods, by counsel, alleges as follows:

1.    This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §1213-34, and the Rehabilitation Act, 29 U.S.C. §794. The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2.    Plaintiff Thadieus Goods was processed into the Cook County Department of Corrections (CCDOC) on July 9, 2018 and assigned booking number 2018-0709200.

3.    Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for prisoners remanded to his custody.

4.     Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5.     Plaintiff is substantially limited in the activity of moving from place to place and standing because of chronic conditions to his knees and lower back.

6.     Plaintiff requires accommodations to perform everyday life activities, including ambulating and showering.  Since 2018, plaintiff has had a medical alert to use a lower bunk and a cane because of his substantial physical mobility impairments.

7.     The medical staff employed by Cook County prescribe canes and crutches to detainees at the CCDOC based on a medical need.

8.     Defendant Dart is able to identify all detainees prescribed a crutch or cane by review of C-COMS.

9.     Defendants Dart and Cook County jointly assigned plaintiff to Division 6 at the CCDOC.

10.   Showers in Division 6 were renovated in approximately 2014 with the intent to comply with the ADA accessibility requirements. The

renovations included the installation of grab bars and the lowering of shower heads.

11.   It is the policy of the Sheriff to designate Division 6 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids.

12.   Defendants know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 6 without accessible showers. In April 2018, the Sheriff's ADA Compliance Officer wrote a business case provided to defendant Cook County with the following statement:

> Detainees with mobility disabilities that require auxiliary aids, but do not require medical housing are housed in divisions 2, 4, 6, and 10. The only ADA housing (housing that complies with 2010 design standards) that currently exists for detainees with mobility impairments is the RTU and Cermak. The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and 08, severely restricts are [sic] ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This creates difficulties with bed control and also leads to litigation.

13.   Over the past two years, more than 50 inmates prescribed canes or crutches have been housed in Division 6.

14.   From June 17, 2022 to February 6, 2023, and February 28, 2023 to June 20, 2023, plaintiff was assigned to Division 6, Tier 1J. On June 20, 2023, plaintiff was transferred to Division 6, Tier 1N.

-3-

15.    Although some of the showers in Division 6 have grab bars and a lowered shower head, none of the showers in Division 6 have mounted shower seats.

16.    The ADA Structural Standards require an accessible shower to have a mounted shower seat.

17.    Plaintiff is deprived the ability to shower on the same basis as non-disabled inmates because defendants do not provide a mounted shower seat in any of the Division 6 housing tiers.

18.    The above-described policy to assign inmates prescribed a cane or crutch to Division 6 deprives inmates access to accommodations required by the ADA.

19.    There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate inmates prescribed a cane or crutch housed in Division 6.

20.    Plaintiff, who continues to be subjected to the above-described policy, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective injunctive relief for all inmates housed in Division 6 at the CCDOC with a substantial impairment moving from place to place prescribed a cane or crutch by the medical staff.

21.    Plaintiff also seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as

-4-

a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for all inmates housed in Division 6 at the CCDOC after June 27, 2021 who were prescribed ambulatory aids including a crutch or cane.

22.   At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

23.   Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that appropriate injunctive relief be granted for the class of persons presently confined at the CCDOC prescribed a cane or crutch assigned to Division 6, and that appropriate damages be awarded to plaintiff and each member of the putative class. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs. In the event the plaintiff and/or the plaintiff class is unable to establish compensatory damages, the plaintiff and the plaintiff class requests an award of nominal damages.

/s/  Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900
pwm@morrisseylawchicago.com
*Attorneys for Plaintiff*