UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADIEUS GOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:23-cv-4116 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| THOMAS DART, SHERIFF OF COOK | ) | |
| COUNTY, and COOK COUNTY, | ) | |
| ILLINOIS | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COOK COUNTY SHERIFF THOMAS DART'S MOTION FOR MORE
DEFINITE STATEMENT PURSAUANT TO FED. R. CIV. P. 12(e)**

NOW COME Defendant, COOK COUNTY SHERIFF THOMAS DART, by and through

his attorneys, Jason E. DeVore, Troy S. Radunsky, and Zachary G. Stillman, of DeVore Radunsky

LLC, pursuant to Rules 12(e) and 10(b) of the Federal Rules of Civil Procedure, and for his Motion

for More Definite Statement, states as follows:

**INTRO/BACKGROUND**

Plaintiff Thadieus Goods' Complaint at Law asserts a claim against two parties under the

banner of a single count. The Complaint alleges that it arises under 42 U.S.C. § 12131-32 (The

"Americans with Disabilities Act" or the "ADA"), and 29 U.S.C. § 794 ("Rehabilitation Act") but

conflates two entirely divisible Defendants – Cook County and Cook County Sheriff Thomas Dart.

Plaintiff's claim relates entirely to the alleged failure of  Cook County Sherriff Thomas Dart to

provide "accessible shower chairs to have a mounted shower seat" in the showers of Division 6.

(Compl., ECF No. 1 at ¶¶ 15-19.) No individual conduct necessitating Cook County's inclusion as

a *substantive* defendant has been pled. Specifically, Plaintiff only quickly notes that "Cook County

is also a necessary party to this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d

947 (7th Cir. 2003)." (*Id.* at ¶ 4.) Such assertion necessitates an indemnity count directed at Cook County.

## ARGUMENT

**Plaintiff's Complaint at Law Fails to Present a Claim for Inclusion of Cook County as a Substantive Defendant**

Plaintiff's complaint presents one count of alleged discrimination in violation of the ADA, but names two substantive defendants – Cook County Sheriff Thomas Dart and Cook County. Despite naming two Defendants plaintiff only mentions Cook County in a manner that warrants inclusion only as an indispensable party contemplated in *Carver*. All other allegations relate exclusively to the conduct of the Sheriff's Office and Cook County Sheriff Thomas Dart. Plaintiff misinterprets the necessity of inclusion of Cook County as a substantive defendant as opposed to as a mere indemnifier pursuant to *Carver* and 745 ILCS 10/9–102.

Despite alleging that Cook County is a necessary party to this action, pursuant to *Carver*, Plaintiff alleges that Cook County shares responsibilities for accommodating the needs of disabled persons in the custody of the Sheriff. (*Id.* at ¶ 5.) The Complaint intertwines allegations of wrongdoing between Cook County and the Sheriff's Office but does not clearly allege that Cook County is an indemnitor, nor does it contain a separate count against Cook County as indemnitor.

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (a party may proceed under a 12(e) motion for more definite statement when unstated facts are not known to plaintiff). A motion for a more definite statement should be granted "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the

pleading in question." Fed. R. Civ. P. 12(e) advisory committee note. Such motions must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Courts grant motions for a more definite statement when the defendants can only guess as to what conduct an allegation refers. *See, e.g., Stanek v. Bd. of Educ. Of St. Charles Cmty. Unit Sch. Dist. #303*, Case No. 13-cv-3016, 2013 U.S. Dist. LEXIS 123770, *3 (N.D. Ill. Aug. 27, 2013); *Hewitt v. Metro. Water Reclamation Dist. of Greater Chi.*, Case No. 01 C 9218, 2002 WL 31176252 (N.D. Ill. Sept. 30, 2002); *In Re: Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Products Liab. Litig.*, 2013 U.S. Dist. LEXIS 14509, *5 (S.D. Ill. Feb 4, 2013) (complaint was ambiguous with regard to relationship between the allegations, causes of action, and remedies sought); *Roels v. Troka*, Case No. 01 C 2401, 2002 WL 475188 (N.D. Ill. Mar. 25, 2002) (ordering more definite statement to specify which defendant each claim relates to); *Kyle v. Morton High Sch.*, 144 F.3d 448, 457 (7th Cir. 1998) (defendant could have filed Rule 12(e) motion when complaint failed to specifically identify specific speech or political association leading to retaliation).

Rule 10 provides that under the rules governing the form of pleadings, where such "promote[s] clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). This Court has previously granted motions brought pursuant to 12(e) for more definite statement pursuant to the failure to differentiate one's claims into counts under 10(b). *See Mishra v. Tandon*, No. 12 C 50390, 2013 WL 887681, at *1-2 (N.D. Ill. Mar. 8, 2013). Indeed, the *Mishra* Court specifically noted:

> Rule 10(b) is designed to improve the intelligibility of the pleadings. Since a failure to observe or comply with the Rule 10(b) requirement may result in a pleading so obscure that response is difficult, motions to state and number counts separately under Rule 10(b) and for a more definite statement under Rule 12(e) may be used alternatively in some situations, and courts may properly treat the two motions interchangeably.

*Id.* (internal citations omitted).

Here, Plaintiff fails to conform to pleading requirements necessitating distinct, individual counts in relation to the named defendants. The complaint has one allegation that Defendant Cook County is "a necessary party to this action pursuant to *Carver*." (*Id.* at ¶ 4.) It does not, however, seek indemnification. The *Carter* court noted that Counties must "pay for a judgment entered against the county sheriff in his official capacity." *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009). This does not support including Cook County as a *substantive* defendant. Instead, it reflects the relationship between Cook County, as indemnitor, and the Sheriff's Office. The *Carver* court determined only that there was a duty for the County to indemnify the sheriff pursuant to 745 ILCS 10/9–102, which notes that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of employment is liable[.]" *Carver*, 324 F.3d at 948. The ultimate ruling of *Carver* was that the county was necessarily deemed an "*indispensable* party to the litigation[,]" but it was not for the purpose of substantive participation in the matter, but for reason of indemnity as directed by the laws of the state of Illinois.

Here, *Carver* reflects the need for plaintiff to include a count for indemnity against Cook County for any damages flowing from the claim against Sheriff Dart. Plaintiff's complaint should more appropriately include two counts – one for indemnification by Cook County and one for the ADA claims asserted against Sheriff Dart. Thus, Cook County should not have to engage in substantive discovery in a case in which its only responsibility is indemnification. *See Williams v. Cook County*, No. 20 C 1537, 2022 WL 393593, at *1 (N.D. Ill. Feb. 8, 2022) (no discovery obligations for County named as indemnifier and participating only as a "*nominal defendant*"). As pled, the complaint suggests that Cook County would be susceptible to substantive discovery.

4

Allowing Plaintiff to proceed with multiple, discreet claims as a single count complaint would prejudice Defendants by forcing them to defend substantive claims against Cook County when the claim should merely be a separate indemnification claim. Plaintiff attempts to engage an indemnifier into a case related to operation of the jail by the Sheriff's Office. It appears that Plaintiff has interwoven two claims to confuse the issues and obtain the possibility of propounding discovery upon the County.

It is also important to have a clear understanding of the claims against Cook County to avoid prejudice to Cook County in relation to participating in the discovery process and incurring expense related to such participation. Participation as an indemnifier is a much lower burden.

Additionally, Plaintiff will presumably seek damages against Cook County as a full Defendant. Amounts recoverable from an indemnitor are separate and distinct from amounts recoverable from a substantive defendant. Plaintiff's indemnification count against the County should be brought under 745 ILCS 10/9-102, as opposed to his naming as a substantive defendant. *See Cates v. Manning*, 19 C 5248, 2020 WL 1863299, at *1-3 (N.D. Ill. Apr. 14, 2020).

Finally, allowing Plaintiff to substantively name the County as a full defendant will prejudice Defendant Sheriff Thomas Dart in that the burden of discovery will be exponentially higher. Plaintiff will send duplicative discovery requests to both parties and will attempt to get materials it has no right to in this case through access to Cook County as a defendant. Defendant Cook County Sheriff Thomas Dart should not be prejudiced with increased defensive burdens for such inclusion.

The County is a necessary party, as an indemnifier, not a substantive defendant. Municipal indemnifiers in such cases act only as *nominal defendants* for the limited purpose of indemnification and have no other obligations such as discovery and pleadings. Plaintiff must be

required to replead his Complaint to represent the additional count against Cook County for indemnification, and to show that cook County is not a substantive Defendant for the purpose of the core of Plaintiff's claims.

## CONCLUSION

For all the foregoing reasons, it is appropriate for this Court to grant Defendants' Motion for more Definite Statement.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1.  Defendants' Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), 10(b) is granted;
2.  Plaintiff is required to replead his Complaint at Law with a separate count against Defendant Cook County as indemnitor only; and
3.  and for any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By:     /s/ Jason E. DeVore
        Jason E. DeVore, One of the
        Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)** was filed on September 11, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*