**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Thadieus Goods,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *-vs-* | ) No. 23-cv-4116 |
| | ) |
| **Thomas Dart, et al.,** | ) **Honorable Rebecca R. Pallmeyer** |
| | ) |
| | ) |
| *Defendants.* | ) |

## DEFENDANT COOK COUNTY'S PARTIAL MOTION TO DISMISS

Defendant, Cook County, by its attorney, Kimberly M. Foxx, Cook County State's Attorney, through her Assistant State's Attorney, Mia Buntic, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the substantive[1] claims against Defendant Cook County in Plaintiff's Complaint (Dkt. No. 1). In support, Cook County states as follows:

### INTRODUCTION

Plaintiff, Thadieus Goods, entered custody of the Cook County Department of Corrections (CCDOC) on July 9, 2018. (Dkt No. 1, ¶2). On June 27, 2023, Plaintiff filed a single-count complaint against Cook County and the Sheriff of Cook County, alleging violations of his civil rights pursuant to the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (Dkt. No. 1). In support of his substantive claim against Cook County, Plaintiff alleges that "Defendants Dart and Cook County jointly assigned plaintiff to Division 6 at the CCDOC." (Dkt

---

[1] Plaintiff also identifies Cook County as a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). (Dkt. No. 1, ¶4). Cook County is not disputing that Cook County is an appropriate party for indemnification purposes.

No. 1, ¶9). Plaintiff contends that Cook County medical staff has been prescribing him a cane since 2018 but does not allege that the cane prescription was in any way defective. Because Plaintiff's complaint is devoid of any specific allegations to support the claim that Cook County was involved in Plaintiff's housing assignment, nor that Cook County participated in any violation of Plaintiff's rights, Cook County requests that the substantive claims against it be dismissed.

## LEGAL STANDARD

In reviewing a motion to dismiss, courts accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299-300 (7th Cir. 2018 (citing *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016)). For Plaintiff to survive a motion to dismiss, he must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

In order to state a claim, Plaintiff must allege enough facts to create "a story that holds together." *Swanson v. Citibank, N.A.*, 614, F.3d 400, 404 (7th Cir. 2010). The Court must be able to draw a reasonable inference that the defendant could be liable for some misconduct. *Iqbal*, 556 U.S. at 678. This standard is not met where the Plaintiff "tells no story" regarding a particular defendant by failing to allege participation in actions constituting a deprivation of rights. *Walker v. City of Chi.*, No. 20 C 7209, 2022 U.S. Dist. LEXIS 22225, 2022 WL 375515 at *11-12 (N.D. Ill. Feb. 8, 2022).

## ARGUMENT

Plaintiff's substantive claims against Cook County should be dismissed because Plaintiff has not plead sufficient facts to infer that Cook County could be liable for any wrongdoing. In order to establish a claim under the ADA, Plaintiff must show that (1) he is a qualified individual with a disability, (2) a public entity denied him the benefits of its services, programs, or activities or otherwise subjected him to discrimination, and (3) the denial or discrimination occurred because of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Here, the allegations in Plaintiff's complaint do not lead to the conclusion that Cook County was in any way responsible for Plaintiff's alleged lack of access to showers, or any other services, programs or activities.

Plaintiff makes the broad and conclusory allegation that "Defendants Dart and Cook County jointly assigned plaintiff to Division 6," but does support this conclusion with any facts. (Dkt No. 1, ¶9). Aside from this vague and unsubstantiated assertion, Cook County cannot ascertain to what extent Plaintiff is claiming that Cook County violated his rights. These allegations are legally insufficient. See *Harrison v. County of Cook*, No. 08 C 3202, 2011 U.S. Dist. LEXIS 102492, 2011 WL 4036115, at *21 (N.D. Ill. Sept. 12, 2011) ("Cook County and the Cook County Sheriff's office are separate entities with distinct responsibilities. Cook County, through Cermak, is responsible for providing medical care to detainees. Dart's office, by contrast, is responsible for operating and maintaining the CCDOC as a jail" (citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)). In fact, Plaintiff's claim that Cook County staff assigned him a cane soon after he entered the custody of CCDOC negates any inference that Cook County was responsible for denying Plaintiff access to services. As such, the substantive claims against Cook County should be dismissed.

**WHEREFORE**, Defendant Cook County respectfully requests that the Court dismiss the

3

substantive claims against it, and grant any other relief this Court finds reasonable and just.

Dated: September 11, 2023

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By:/s/ Mia Buntic
Mia Buntic
Assistant State's Attorney
50 West Washington, Ste. 2760
Chicago, Illinois 60602
(312) 603-1424
mia.buntic@cookcountyil.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 11, 2023, she electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the CM/ECF system of the Court.

/s/ Mia Buntic