IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thadieus Goods, individually and for a class, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| -*vs*- | ) No. 23-cv-4116<br>) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) Chief Judge Pallmeyer<br>)<br>) |
| | ) *jury demand* |
| *Defendants.* | ) |

# AMENDED COMPLAINT

Plaintiff Thadieus Goods, by counsel, and pursuant to leave of Court, dkt. 20, alleges as follows:

1. This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §12132-34, and the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343.

2. Plaintiff Thadieus Goods was processed into the Cook County Department of Corrections (CCDOC) on July 9, 2018 and assigned booking number 2018-0709200.

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for individuals remanded to his custody.

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled individuals remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in

this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Cook County owns all buildings at the Cook County Department of Corrections, including Division 6. Cook County controls all funding for renovating county owned buildings.

6. Plaintiff is substantially limited in the activity of moving from place to place and standing because of chronic conditions to his knees and lower back.

7. Plaintiff requires accommodations to perform everyday life activities, including ambulating, showering, and toileting.

8. Prior to July 9, 2018, plaintiff was a prisoner in the Federal Bureau of Prisons (BOP). The BOP allowed plaintiff to use a cane, lower bunk, and a knee brace. In July 2018, plaintiff provided CCDOC officials documentation from the BOP noting when in their custody he was prescribed a cane, knee brace, and lower bunk by the medical director.

9. Since July of 2018, an alert has been in place in the CCDOC database allowing plaintiff to use a lower bunk and cane. These alerts were entered because of plaintiff's substantial mobility limitation.

10. From June 17, 2022 to February 6, 2023, and February 28, 2023 to June 20, 2023, plaintiff was assigned to Division 6, Tier 1J. On June 20, 2023, plaintiff was transferred to Division 6, Tier 1N. As of September 20, 2023, plaintiff is housed in Division 6, Tier 1K.

11. The medical staff employed by Cook County prescribe canes and crutches to individuals at the CCDOC based on medical need.

12. Over the past two years, more than 50 inmates prescribed canes or crutches have been housed in Division 6.

13. At the direction of defendants Sheriff and Cook County, AGAE Contractors, Inc, a general contractor, oversaw the renovations of all 24 shower locations in Division 6 at the CCDOC. The intent of the renovations was to make one shower in each of the 24 shower locations compliant with the "ADA accessibility requirements."

14. On April 7, 2015, AGAE Contractors, Inc. notified Cook County that the Division 6 shower renovation project reached "substantial completion."

15. In each of the 24 shower locations, grab bars were installed around one shower and a lower shower head was also installed. No mounted shower seats, however, were installed. An example of the renovations to the Division 6 showers is shown below:



16. It is the policy of the Sheriff to designate Division 6 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane or crutch.

17. Defendants Dart and Cook County know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 6 without accessible showers and toilets. In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a "FY19 Business Case" seeking Cook County to conduct an ADA Assessment and Improvements for several divisions, including Division 6. A relevant portion of this Business Case states:

> **2** **Background**
>
> **What history led to this project?**
>
> Division 10 is a maximum security division with no ADA compliant housing. Detainees with mobility disabilities that require auxiliary aids, but do not require medical housing, are housed in divisions 2, 4, 6, 9 and 10. The only ADA housing (housing that complies with 2010 design standards) that currently exists for detainees with mobility impairments is the RTU and Cermak. The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and 08, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This creates difficulties with bed control, and also leads to litigation.
>
> **What are the motivating issues/concerns behind this request?**
>
> The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and Cermak, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This leads to litigation.
>
> **What is the current business process as it relates to this project?** (Explain the specific physical or logistical issue that wish to be alleviated by this project)
>
> Example: We intake people at the main facility and then send them to neighborhood service providers, We rent facilities to accommodate training ten times a year, People are lining up around the block to access services in inclement weather, etc.
>
> bed control, housing and litigation.

18. Cook County, on information and belief, has not remedied the obvious structural barriers for Division 6 detainees to shower and toilet after receipt of the "FY19 Business Case."

19. The shower floor is slippery and plaintiff is unsteady when he attempts to engage in the program or activity of showering. Plaintiff has fallen while engaging in the program or activity of showering because of the absence of mounted shower seats. The absence of a mounted shower seat has caused plaintiff and similarly situated disabled inmates the inability to shower on the same basis as abled body inmates.

20. Additionally, none of the Division 6 detainee toilets on the 24 tiers have grab bars nearby.

21. Plaintiff is unable to toilet on the same basis as non-disabled detainees because there are no grab bars nearby. Plaintiff, at times, experiences unbearable physical pain while using the toilet because it is not accessible.

22. There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate Division 6 inmates prescribed a cane or crutch.

23. Plaintiff, who continues to be subjected to the above-described policy, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates housed in Division 6 at the CCDOC prescribed a cane or crutch by the medical staff.

24. Plaintiff also seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all inmates housed in Division 6 at the CCDOC after June 27, 2021 prescribed either a crutch or cane.

25. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

26. Plaintiff hereby requests trial by jury on his claim for damages.

It is therefore respectfully requested that appropriate injunctive relief be granted for the class of persons presently housed in Division 6 of the Cook County Department of Corrections prescribed a cane or crutch and that appropriate damages be awarded to plaintiff and each member of the putative class. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs. In the event the

plaintiff and/or the plaintiff class is unable to establish compensatory damages, the plaintiff and the plaintiff class requests an award of nominal damages.

        /s/ <u>Patrick W. Morrissey</u>
            ARDC No. 6309730
            Thomas G. Morrissey
            Thomas G. Morrissey, Ltd.
            10257 S. Western Ave.
            Chicago, Illinois 60643
            (773) 233-7900
            pwm@morriseylawchicago.com
            *Attorneys for Plaintiff*