**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THADIEUS GOODS,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:23-cv-4116<br><br>Judge Rebecc R. Pallmeyer<br><br>Mag. Judge Jeffrey Cole |

**DEFENDANT SHERIFF OF COOK COUNTY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant COOK COUNTY SHERIFF THOMAS DART, a body politic and corporate, by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its Answer to Plaintiff's Amended Complaint at Law, state as follows:

1. This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §12132-34, and the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343.

**ANSWER: The defendant admits the allegations in paragraph 1 of Plaintiffs Amended Complaint.**

2. Plaintiff Thadieus Goods was processed into the Cook County Department of Corrections (CCDOC) on July 9, 2018 and assigned booking number 2018-0709200.

**ANSWER: The defendant admits the allegations in paragraph 2 of Plaintiffs Amended Complaint.**

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for individuals remanded to his custody.

**ANSWER: Defendant Sheriff Dart admits that Thomas Dart is elected the Sheriff of Cook County, Illinois. Defendant Sheriff admits only to those duties and**

**responsibilities assigned to the Office of the Sheriff under Illinois law and denies any assertion of duty and responsibility inconsistent therewith. .**

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled individuals remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**ANSWER: Defendant Sheriff admits only to those duties and responsibilities assigned to the Office of the Sheriff under Illinois law and denies any assertion of duty and responsibility inconsistent therewith. Defendant Sheriff admits that Cook County is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).**

5. Cook County owns all buildings at the Cook County Department of Corrections, including Division 6. Cook County controls all funding for renovating county owned buildings.

**ANSWER: The defendant admits Cook County owns all the buildings at the Cook County Department of Corrections, including Division 6. This defendant has insufficient information to admit or deny the remaining allegations in paragraph 5 of Plaintiffs Amended Complaint.**

6. Plaintiff is substantially limited in the activity of moving from place to place and standing because of chronic conditions to his knees and lower back.

**ANSWER: This defendant has insufficient information to admit or deny the remaining allegations in paragraph 6 of Plaintiffs Amended Complaint.**

7. Plaintiff requires accommodations to perform everyday life activities, including ambulating, showering, and toileting.

**ANSWER: This defendant has insufficient information to admit or deny the remaining allegations in paragraph of Plaintiffs Amended Complaint.**

8. Prior to July 9, 2018, plaintiff was a prisoner in the Federal Bureau of Prisons (BOP). The BOP allowed plaintiff to use a cane, lower bunk, and a knee brace. In July 2018, plaintiff provided CCDOC officials documentation from the BOP noting when in their custody he was prescribed a cane, knee brace, and lower bunk by the medical director.

**ANSWER: This defendant admits the allegations in paragraph 8 of Plaintiffs Amended Complaint.**

9. Since July of 2018, an alert has been in place in the CCDOC database allowing plaintiff to use a lower bunk and cane. These alerts were entered because of plaintiff's substantial mobility limitation.

**ANSWER: The defendant denies the allegations in paragraph 9 of Plaintiffs Amended Complaint.**

10. From June 17, 2022 to February 6, 2023, and February 28, 2023 to June 20, 2023, plaintiff was assigned to Division 6, Tier 1J. On June 20, 2023, plaintiff was transferred to Division 6, Tier 1N. As of September 20, 2023, plaintiff is housed in Division 6, Tier 1K.

**ANSWER: The defendant admits the allegations in paragraph 10 of Plaintiffs Amended Complaint.**

11. The medical staff employed by Cook County prescribe canes and crutches to individuals at the CCDOC based on medical need.

**ANSWER: The defendant admits the allegations in paragraph 11 of Plaintiffs Amended Complaint.**

12. Over the past two years, more than 50 inmates prescribed canes or crutches have been housed in Division 6.

**ANSWER: This defendant has insufficient information to admit or deny the remaining allegations in paragraph 12 of Plaintiffs Amended Complaint.**

13. At the direction of defendants Sheriff and Cook County, AGAE Contractors, Inc, a general contractor, oversaw the renovations of all 24 shower locations in Division 6 at the CCDOC. The intent of the renovations was to make one shower in each of the 24 shower locations compliant with the "ADA accessibility requirements."

**ANSWER: Upon information and belief, Defendant Sheriff admits that AGAE oversaw the renovations of 24 shower locations in Division 6 at the CCDOC. Defendant Sheriff denies that it directed the work. Defendant Sheriff has**

**insufficient information to admit or deny the remaining allegations in paragraph 13 of Plaintiffs Amended Complaint.**

14. On April 7, 2015, AGAE Contractors, Inc. notified Cook County that the Division 6 shower renovation project reached "substantial completion."

**ANSWER: This defendant has insufficient information to admit or deny the remaining allegations in paragraph 14 of Plaintiffs Amended Complaint.**

15. In each of the 24 shower locations, grab bars were installed around one shower and a lower shower head was also installed. No mounted shower seats, however, were installed. An example of the renovations to the Division 6 showers is shown below

**ANSWER: This defendant has insufficient information to admit or deny the allegations in paragraph 15 of Plaintiffs Amended Complaint.**

16. It is the policy of the Sheriff to designate Division 6 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane or crutch.

**ANSWER: Defendant Sheriff admits only that it may be appropriate to house a person with an alert for an auxiliary aid in Division 6. Defendant Sheriff has insufficient information to admit or deny the remaining allegations in this paragraph.**

17. Defendants Dart and Cook County know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 6 without accessible showers and toilets. In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a "FY19 Business Case" seeking Cook County to conduct an ADA Assessment and Improvements for several divisions, including Division 6. A relevant portion of this Business Case states:(photo not included)

**ANSWER: Defendant Sheriff admits ADA Compliance Officer Rivero-Canchola prepared a "FY19 Business Cas" containing the quoted language. Defendant Sheriff denies the remaining allegations in paragraph 17 of plaintiff's Amended Complaint.**

18. Cook County, on information and belief, has not remedied the obvious structural barriers for Division 6 detainees to shower and toilet after receipt of the "FY19 Business Case."

**ANSWER: This defendant has insufficient information to admit or deny the allegations in paragraph 18 of Plaintiffs Amended Complaint.**

19. The shower floor is slippery, and plaintiff is unsteady when he attempts to engage in the program or activity of showering. Plaintiff has fallen while engaging in the program or activity of showering because of the absence of mounted shower seats. The absence of a mounted shower seat has caused plaintiff and similarly situated disabled inmates the inability to shower on the same basis as abled body inmates.

**ANSWER: Defendant Sheriff denies paragraph 19 of Plaintiffs Amended Complaint.**

20. Additionally, none of the Division 6 detainee toilets on the 24 tiers have grab bars nearby.

**ANSWER: This defendant has insufficient information to admit or deny the allegations in paragraph 20 of Plaintiffs Amended Complaint.**

21. Plaintiff is unable to toilet on the same basis as non-disabled detainees because there are no grab bars nearby. Plaintiff, at times, experiences unbearable physical pain while using the toilet because it is not accessible.

**ANSWER: Defendant Sheriff denies that Defendant Sheriff discriminated against the Plaintiff on the basis of Plaintiff's disability by assigning Plaintiff to housing in Division 6. This defendant has insufficient information to admit or deny the remaining allegations in paragraph 21 of Plaintiffs Amended Complaint.**

22. There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate Division 6 inmates prescribed a cane or crutch.

**ANSWER: The defendant denies the allegations in paragraph 22 of Plaintiffs Amended Complaint.**

23. Plaintiff, who continues to be subjected to the above-described policy, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates housed in Division 6 at the CCDOC prescribed a cane or crutch by the medical staff.

**ANSWER: This paragraph is a legal conclusion and not a statement of fact.**

24. Plaintiff also seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all inmates housed in Division 6 at the CCDOC after June 27, 2021 prescribed either a crutch or cane.

**ANSWER: This paragraph is a legal conclusion and not a statement of fact.**

25. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

**ANSWER: The defendant denies the allegations in paragraph 25 of Plaintiffs Amended Complaint.**

26. Plaintiff hereby requests trial by jury on his claim for damages.

**ANSWER: This paragraph is not a statement of fact.**

WHEREFORE, Defendant, COOK COUNTY SHERIFF THOMAS DART prays this Honorable Court enter an Order dismissing the plaintiff's amended complaint with prejudice and costs, and for any other relief this court finds reasonable and just.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, COOK COUNTY SHERIFF THOMAS DART, by and through his attorneys, Zachary G. Stillman, Jason E. DeVore and Troy Radunsky, of DeVore Radunsky LLC, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

**FIRST AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)**

1. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2. Plaintiff was at all relevant times and the date of filing, a prisoner, therefore subject to the PLRA.

3. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the PLRA, Defendant is not liable for damages therefrom.

**SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate)**

1. Plaintiff was required to take reasonable measures to mitigate his alleged injuries and damages.

2. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude or reduce recovery for Plaintiff by application of the principle that a Plaintiff has a duty to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE (Statute of Limitations)**

1. Claims arising under the Americans with Disabilities Act ("ADA") and Rehabilitation Act must be brought within two years of the alleged violation.

2. To the extent that Plaintiff's claims in his complaint are barred by applicable statutes of limitations to claims arising under the Americans with Disabilities Act ("ADA"), and The Rehabilitation Act, those facts shall be presented to preclude or reduce recovery for Plaintiff. *See, e.g., Bonnstetter v. City of Chi.*, 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (*citing Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).

**FOURTH AFFIRMATIVE DEFENSE**
**(No Punitive or Liquidated Damages Under ADA or Rehabilitation Act)**

1. Punitive damages are not available under the Americans with Disabilities Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

2. Thus, to the extent that Plaintiff seeks punitive damages in this action, such is not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

**FIFTH AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)**

1. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the ADA, 42 U.S.C. § 12117(a), et seq, Defendant is not liable for damages therefrom.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. Defendant reserves their right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

Respectfully Submitted,

**Defendants**

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that **Defendant COOK COUNTY SHERIFF THOMAS DART'S Answer & Affirmative Defenses** were filed on October 19, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/Zachary Stillman*
Zachary Stillman