IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thadieus Goods, individually and for a class, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| -vs- | ) ) | No. 23-cv-4116 |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Chief Judge Pallmeyer |
| | ) ) | *jury demand* |
| *Defendants.* | ) | |

**DEFENDANT COOK COUNTY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Cook County, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Mia Buntic, answers Plaintiff's Complaint as follows:

1. This is a civil action arising under the Americans with Disabilities Act, 42 U.S.C. §12132-34, and the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343.

**Answer: Defendant admits that this action is brought pursuant to the American with Disabilities Act and the Rehabilitation Act. Defendant admits that jurisdiction of this Court is proper.**

2. Plaintiff Thadieus Goods was processed into the Cook County Department of Corrections (CCDOC) on July 9, 2018 and assigned booking number 2018-0709200.

**Answer: Defendant admits the allegations in this paragraph.**

3. Defendant Thomas Dart is the Sheriff of Cook County. Under Illinois law, the Sheriff is responsible for individuals remanded to his custody.

**Answer: Defendant admits that Thomas Dart is the Sheriff of Cook County. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in**

-1-

**this paragraph.**

4. Defendant Cook County, in collaboration with the Sheriff, is responsible for accommodating the needs of disabled individuals remanded to the Sheriff of Cook County. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**Answer: Defendant admits certain reasonable accommodations are made for persons with disabilities, pursuant to federal law. Defendant also admits that Cook County is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).**

5. Cook County owns all buildings at the Cook County Department of Corrections, including Division 6. Cook County controls all funding for renovating county owned buildings.

**Answer: Defendant admits that Cook County currently owns the buildings at the Cook County Department of Corrections, including Division 6, and that Cook County generally conducts or commissions the design, construction, maintenance, and renovation of the County-owned buildings.**

6. Plaintiff is substantially limited in the activity of moving from place to place and standing because of chronic conditions to his knees and lower back.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

7. Plaintiff requires accommodations to perform everyday life activities, including ambulating, showering, and toileting.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

8. Prior to July 9, 2018, plaintiff was a prisoner in the Federal Bureau of Prisons (BOP). The BOP allowed plaintiff to use a cane, lower bunk, and a knee brace. In July 2018, plaintiff provided

CCDOC officials documentation from the BOP noting when in their custody he was prescribed a cane, knee brace, and lower bunk by the medical director.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

9. Since July of 2018, an alert has been in place in the CCDOC database allowing plaintiff to use a lower bunk and cane. These alerts were entered because of plaintiff's substantial mobility limitation.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

10. From June 17, 2022 to February 6, 2023, and February 28, 2023 to June 20, 2023, plaintiff was assigned to Division 6, Tier 1J. On June 20, 2023, plaintiff was transferred to Division 6, Tier 1N. As of September 20, 2023, plaintiff is housed in Division 6, Tier 1K.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

11. The medical staff employed by Cook County prescribe canes and crutches to individuals at the CCDOC based on medical need.

**Answer: Defendant admits the allegations in this paragraph.**

12. Over the past two years, more than 50 inmates prescribed canes or crutches have been housed in Division 6.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

13. At the direction of defendants Sheriff and Cook County, AGAE Contractors, Inc, a general contractor, oversaw the renovations of all 24 shower locations in Division 6 at the CCDOC. The intent of the renovations was to make one shower in each of the 24 shower locations compliant with the "ADA

accessibility requirements."

**Answer: At this time, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

14. On April 7, 2015, AGAE Contractors, Inc. notified Cook County that the Division 6 shower renovation project reached "substantial completion."

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

15. In each of the 24 shower locations, grab bars were installed around one shower and a lower shower head was also installed. No mounted shower seats, however, were installed. An example of the renovations to the Division 6 showers is shown below:



**Answer: Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

16. It is the policy of the Sheriff to designate Division 6 as an appropriate housing location for detainees with mobility disabilities that require auxiliary aids, such as a cane or crutch.

**Answer: Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

17. Defendants Dart and Cook County know detainees with mobility disabilities that require auxiliary aids but do not require medical housing are housed in Division 6 without accessible showers and toilets. In April of 2018, the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, prepared a "FY19 Business Case" seeking Cook County to conduct an ADA Assessment and Improvements for several divisions, including Division 6. A relevant portion of this Business Case states:

> **2**     **Background**
>
> **What history led to this project?**
> Division 10 is a maximum security division with no ADA compliant housing. Detainees with mobility disabilities that require auxiliary aids, but do not require medical housing, are housed in divisions 2, 4, 6, 9 and 10. The only ADA housing (housing that complies with 2010 design standards) that currently exists for detainees with mobility impairments is the RTU and Cermak. The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and 08, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This creates difficulties with bed control, and also leads to litigation.
>
> **What are the motivating issues/concerns behind this request?**
> The ADA requires us to house detainees in the most integrated setting. Having no ADA compliant housing other than divisions 8 and Cermak, severely restricts are ability to house detainees in the most integrated setting while making sure they have access to accessible cells, toilets and showers. This leads to litigation.
>
> **What is the current business process as it relates to this project?** (Explain the specific physical or logistical issue that wish to be alleviated by this project)
>
> Example: We intake people at the main facility and then send them to neighborhood service providers, We rent facilities to accommodate training ten times a year, People are lining up around the block to access services in inclement weather, etc.
>
> bed control, housing and litigation.

**Answer: Defendant denies that detainees are housed in Division 6 without accessible showers. Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

18. Cook County, on information and belief, has not remedied the obvious structural barriers for Division 6 detainees to shower and toilet after receipt of the "FY19 Business Case."

**Answer: Defendant denies the allegations in this paragraph.**

-5-

19. The shower floor is slippery and plaintiff is unsteady when he attempts to engage in the program or activity of showering. Plaintiff has fallen while engaging in the program or activity of showering because of the absence of mounted shower seats. The absence of a mounted shower seat has caused plaintiff and similarly situated disabled inmates the inability to shower on the same basis as abled body inmates.

**Answer: Defendant denies violating the ADA or the Rehabilitation Act. Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

20. Additionally, none of the Division 6 detainee toilets on the 24 tiers have grab bars nearby.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

21. Plaintiff is unable to toilet on the same basis as non-disabled detainees because there are no grab bars nearby. Plaintiff, at times, experiences unbearable physical pain while using the toilet because it is not accessible.

**Answer: Defendant denies violating the ADA or the Rehabilitation Act. Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

22. There is no adequate remedy for the refusal of the Sheriff and Cook County to accommodate Division 6 inmates prescribed a cane or crutch.

**Answer: Defendant denies the allegations in this paragraph.**

23. Plaintiff, who continues to be subjected to the above-described policy, brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates housed in Division 6 at the CCDOC prescribed a cane or crutch by the medical staff.

**Answer: Defendant denies the allegations in this paragraph and further denies that Plaintiff has met the requirements set forth in Rule 23(b)(2) of the Federal Rules of Civil Procedure.**

24. Plaintiff also seeks damages individually and for all others similarly situated and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all inmates housed in Division 6 at the CCDOC after June 27, 2021 prescribed either a crutch or cane.

**Answer: Defendant denies that Plaintiff is entitled to relied and further denies that Plaintiff has met the requirements set forth in Rule 23(b)(2) of the Federal Rules of Civil Procedure.**

25. At all relevant times, defendants Dart and Cook County have been and continue to be deliberately indifferent to plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act.

**Answer: Defendant denies the allegations in this paragraph.**

26. Plaintiff hereby requests trial by jury on his claim for damages.

**Answer: Defendant demands a trial by jury. Defendant denies that Plaintiff is entitled to any relief.**

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under Section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff was, at all relevant times and the date of filing, a prisoner. Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. To the extent Plaintiff has failed to exhaust his administrative remedies, his claims are barred by the PLRA.

2. Punitive damages are not available under the Americans with Disabilities Act. See *Barnes v. Gorman*, 536 U.S. 181 (2002).

3. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

4. Plaintiff's claims may be barred by the applicable statute of limitations.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Mia Buntic*
   Mia Buntic
   Assistant State's Attorney
   Cook County State's Attorney's Office 50
   West Washington Street, Suite 2760
   Chicago, Illinois 60602
   (312) 603-1434
   Mia.Buntic@cookcountyil.gov
   Attorney for Cook County

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 19, 2023, she electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the CM/ECF system of the Court, which will deliver copies to all counsel of record.

*/s/ Mia Buntic*
