**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Thadieus Goods, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 23-cv-4116 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Chief Judge Pallmeyer |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## REPORT OF PARTIES PLANNING MEETING

Pursuant to the Court's Standing Order, the parties file the following Report of Parties Planning Meeting.

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 13, 2023, and was attended by:

    Attorneys of Record:

    For the Plaintiff:  Patrick W. Morrissey
    Thomas G. Morrissey, Ltd.
    10257 S. Western Ave.
    Chicago, Il. 60643
    (773) 233-7901

    For the Defendants:  Jason DeVore
    Troy Radunsky
    DeVore Radunsky
    230 W. Monroe St., Suite 230
    Chicago, IL 60606
    *Attorneys for Sheriff Dart*

    Mia Buntic
    Assistant State's Attorney
    50 West Washington, Ste. 2760

Chicago, Illinois 60602
*Attorney for Cook County*

**2.    Nature of the Case**

    a.  Nature of Claims in the Complaint

Plaintiff alleges that he has a substantial impairment moving from place to place and faces structural barriers showering and using the toilet in Division 6 of the Cook County Jail. He alleges he is deprived of the ability to toilet on the same basis as non-disabled inmates because the building does not have accessible toilets and the defendants fail to implement policies and procedures to overcome the facility's non-compliance. He also alleges the showers present a barrier because there are no mounted seats to safely shower and defendants fail to implement a policy or procedure to overcome this barrier. Plaintiff seeks certification under Rule 23 of the Federal Rules of Civil Procedure.

    b.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

**3.    Pre-trial Schedule.**  The parties jointly propose to the court the following discovery plan:

    a.  Discovery will be needed on the following subjects:

Plaintiff will seek discovery relating to plaintiff's detention at the Jail, including medical records, why he was assigned to Division 6, and efforts by the Jail to accommodate plaintiff Goods (including records maintained by the ADA Compliance Officer relating to plaintiff Goods). Plaintiff will also seek general discovery relating to the Division 6 toilets and showers, including an inspection, and any policy, procedure, or training to Division 6 staff to assist detainees to overcome any structural barriers using the toilet and shower. Plaintiff will also seek discovery relating to the putative class, including the identity and number of putative class members.  Following the Rule 26(f) meeting on November 13th, plaintiff's counsel served a request for production.

Defendants will seek information regarding plaintiffs and other putative class members alleged disability, use of shower facilities at the jail, etc.

    b.  Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and fact discovery completion date.

-2-

      i.   Rule 26(a)(1) Disclosures: 12/5/2023

      ii.  Fact discovery completion date: 10/31/2024.

c.  The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests or ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches:

Plaintiff will seek the Sheriff's C-COMs information (electronic data) for plaintiff. Plaintiff also will request any records (perhaps electronic) maintained by the Sheriff's ADA Compliance Officer relating to accommodating plaintiff along with any video preserved by defendants of plaintiff Goods. Plaintiff also will seek a computer database of detainees prescribed a mobility aid assigned to Division 6 during the class period, 6/27/2021 to the present.

Plaintiff, on November 13, 2023, disclosed seven declarations from putative class members. The parties preliminarily discussed whether the parties will seek discovery related to these individuals, including medical records from the Jail and electronic information in the Jail's C-COMs

d.  Reports from retain experts under Rule 26(a)(2):
      i.   Plaintiff's retained expert: November 29, 2024.
      ii.  Defendants' retained expert: January 6, 2025.
      iii.  Expert depositions to be completed by February 10, 2025.

e.  All potentially dispositive motions should be filed by March 17, 2025.

**4.    Trial Schedule**

a.  Final Pretrial Order: Plaintiff to prepare proposed draft by July 14, 2025; parties to file joint pretrial order by August 4, 2025.

    b.   The case should be ready for trial by September 1, 2025, and at this time is expected to take approximately five ("5") days.

**5.**    **Expected Evidentiary Proceedings**

Plaintiff may seek an evidentiary proceeding relating to an anticipated request for an injunction concerning toilet and shower access in Division 6.

Defendants may seek an evidentiary hearing relating to exhaustion of available administrative remedies of plaintiff and putative class members.

**6.**    **Settlement.**  At least 7 days prior to the Rule 16[b] scheduling conference, plaintiff is directed to make a written settlement demand to the defendants. At least 3 days prior to the scheduling conference defendants are to respond in writing to the Plaintiff's settlement demand.

The plaintiff served a settlement demand on November 7, 2023.

Defendants' Position: The defendant is currently evaluating the plaintiff settlement demand and will contact plaintiff's counsel to discuss it in the near future.

**7.**    **Consent.**  Parties do not consent to proceed before a Magistrate Judge.

Date: <u>November 16  , 2023</u>           Respectfully submitted,

| | |
|---|---|
| /s/ Patrick Morrissey<br>ARDC No. 6309730<br>Thomas G. Morrissey, Ltd.<br>10257 S. Western Ave.<br>Chicago, IL 60643<br>(773) 233-7901<br>pwm@morrisseylawchicago.com<br><br>*An attorney for plaintiff.* | /s/ Troy Radunsky (with consent)<br>Jason E. DeVore (ARDC #62422782)<br>Troy S. Radunsky (ARDC #6269281)<br>DeVore Radunsky, LLC<br>230 W. Monroe Suite 230<br>Chicago, Illinois<br><br>*Attorneys for Sheriff Dart* |
| _____/s/ Mia Buntic (with consent) | |

| Mia Buntic<br>Assistant State's Attorney<br>50 West Washington, Ste. 2760<br>Chicago, Illinois 60602<br><br>*Attorney for Cook County* | |